[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #112
The plaintiff moves to strike both of the special defenses pleaded by Gerald M. Ryan (the defendant)[1] on the grounds that each is legally insufficient or improperly alleged in a foreclosure action. The defendant has not filed an objection. CT Page 14241
The first special defense is struck. The defendant has not pleaded facts demonstrating that the HUD program is applicable here. See Berkeley Federal Bank Trust, FSB v. Gabel, Superior Court, judicial district of Middlesex, Docket No. 071109 (April 13, 1995, Aurigemma, J.), aff'd, 43 Conn. App. 923, 686 A.2d 138
(1996). Therefore, the first special defense is merely a legal conclusion and is struck.
The second special defense is struck. The defendant has failed to allege facts or offer any legal argument or evidence regarding a contractual duty on the part of the plaintiff to conduct loan work out discussions. Fleet Mortgage Corp. v.Baccash, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053127 (January 3, 1997, Curran, J.). See also Knutson Mortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.) (defendant's allegations regarding work out negotiations do not attack the making, validity, or enforcement of the note or mortgage and are therefore improper defenses to a foreclosure action), and cases cited therein.
Accordingly, the plaintiff's motion to strike both of the defendant's special defenses is granted.
BALLEN, J.